GRIFFIN, Circuit Judge.
Plaintiff sued her former employer alleging sexual harassment based on the actions of two eoworkers. The district court *745 ruled that the sexual harassment created a hostile work environment, but granted summary judgment in favor of defendant on the basis that its response to plaintiffs complaint was reasonable. Because we hold that defendant’s remedial action to plaintiffs complaints of sexual harassment did not constitute “indifference or unreasonableness,” we affirm.
I.
Plaintiff Donna Mullins was employed by defendant Goodyear Tire & Rubber Company as a “bead operator,” responsible for operating machinery that produces tire beads. (JA 56-57.) Her lawsuit against Goodyear concerns the actions of two of her former coworkers, Bill Jones and Autry “Red” Parker. Jones was the union-elected “lead hand” for the shift, meaning that he had some administrative duties but did not have supervisory authority over Mullins and her coworkers. (JA 68, 80.) Parker was the “balance crew” employee whose job was to cover for employees who were on break or otherwise absent. (JA 63.) Although Mullins mentions both Jones and Parker in her complaint, on appeal Mullins does not argue that defendant’s remedial measures taken regarding Jones were legally insufficient. Rather, in her appellee brief and at oral argument, she concedes that her appeal is limited to defendant’s response to Parker’s actions. (Blue Br. 24 n. 13.) Therefore, we focus solely on defendant’s remedial actions regarding Parker.
Mullins claimed that Parker made threatening remarks and engaged in aggressive behavior. Parker allegedly said to her that because he had served in Vietnam, “it would be nothing for me to kill someone.” (JA 256.) Parker also sabotaged plaintiffs machine on several occasions. He placed half-empty spools of wire on the machine, causing Mullins to have to change spools more than usual, and tightened a bolt on her machine to the point where the machine was inoperable until a coworker repaired it. She also alleged that Parker told her that “if you weren’t married, you’re a good looking woman, I’d give it a try.” (JA 391.)
Mullins complained to Human Resources, who then met with Parker. Parker was told not to bother plaintiff and to be in the bead area only when he had work to do there. Plaintiff admits that after the meeting, Parker did not say anything inappropriate to her during the times that he came into the bead area. (JA 107-08.) However, plaintiff reported that Parker was in her area more than he needed to be. (JA 390.)
On her final day of work, plaintiff alleges that Parker drove his forklift within inches of the cart where she placed her beads, and stood outside the break room, partially blocking her exit. (JA 390.) Thereafter, Mullins did not return to work, took medical leave the next day, and terminated her employment.
Mullins sued Goodyear in the United States District Court for the Western District of Tennessee, alleging sexual harassment in violation of the Tennessee Human Rights Act, Tenn.Code Ann. § 4-21-101, et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.[1] The-district court granted defendant’s motion on the basis that its remedial actions were reasonable. (JA 404.) Mullins timely appealed.
II.
On appeal, Mullins asserts that instead of applying the “indifference standard” *746 from Blankenship v. Parke Care Centers, Inc., 123 F.3d 868 (6th Cir.1997), the district court should have applied the “negligence standard” of Fenton v. HiSAN, Inc., 174 F.3d 827 (6th Cir.1999). Mullins argues further that, regardless of whether the court uses a negligence or an indifference standard, she has presented sufficient evidence to submit the case to a jury.
We review a district court’s grant of a motion for summary judgment de novo. Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 374 (6th Cir.2007). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). The moving party has the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When determining whether the nonmovant has met this burden, we view the evidence in the light most favorable to the nonmoving party. Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co., 477 F.3d 854, 861 (6th Cir.2007).
In granting defendant’s motion for summary judgment, the district court applied the test enumerated in Blankenship for employer liability for coworker sexual harassment. (See JA 386.) To prevail on such a claim, a plaintiff must prove that: “(1) she is a member of a protected class; (2) she was subject to unwelcomed sexual harassment; (3) the harassment was based on her sex; (4) the harassment unreasonably interfered with her work performance and created a hostile work environment; and (5) [defendant] knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action.” Id. (quotation marks and citation omitted); see also Title VII of the Civil Rights Act of 1964, § 703(a)(1), 42 U.S.C. § 2000e-2(a)(l). The sexual harassment in Blankenship involved a coworker, and we noted that hostile work environment cases make a distinction between sexual harassment caused by supervisors and sexual harassment caused by coworkers.[2] Blankenship, 123 F.3d at 872 (citing Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 803-04 (6th Cir.1994)). When dealing with allegations of coworker sexual harassment, the “act of discrimination by the employer in such a case is not the harassment, but rather the inappropriate response to the charges of harassment.” Blankenship, 123 F.3d at 873.
Goodyear moved for summary judgment on the final element,[3] arguing that Mullins did not show that it was liable for Parker’s actions. In order for an employer to be liable for a coworker’s sexual harassment, a plaintiff must prove that the employer *747 both (1) knew or should have known of the harassment, and (2) failed to take prompt and appropriate corrective action. Hafford, 188 F.3d at 513 (citing Pierce, 40 F.3d at 804); EEOC v. Harbert-Yeargin, Inc., 266 F.3d 498 (6th Cir.2001). Thus, in Blankenship, we held the employer accountable for its own response to the complaint of sexual harassment:
Once an employer is aware of and responds to charges of sexual harassment, though, mere negligence as to the content of the response cannot be enough to make the employer liable. When an employer responds with good-faith remedial action, we cannot say that the employer has itself committed an act of discrimination.... When an employer implements a remedy, it can be liable for sex discrimination in violation of Title VII only if that remedy exhibits such indifference as to indicate an attitude of permissiveness that amounts to discrimination.
Blankenship, 123 F.3d at 873.
On appeal, plaintiff argues that the district court applied the wrong test in analyzing the sufficiency of Goodyear’s corrective action. The heart of the controversy surrounds the district court’s use of the “indifference standard” as described in Blankenship. In Blankenship, we held that an employer is liable for coworker harassment if “its response manifests indifference or unreasonableness in light of the facts the employer knew or should have known.” Id. at 873 (emphasis added). Mullins argues that, subsequent to Blankenship, we adopted a negligence standard in Fenton v. HiSAN, Inc., 174 F.3d 827 (6th Cir.1999). After a careful comparison of the two cases, we conclude that Fenton did not overrule the Blankenship test; it merely restated it. Indeed, the holdings of published decisions of this court are precedentially binding on subsequent panels and may be overruled only by the court en banc. 6Th Cir. R. 206(c); see also United States v. Yoon, 398 F.3d 802, 806 (6th Cir.2005); Darrah v. City of Oak Park, 255 F.3d 301, 309 (6th Cir.2001).
Fenton, like Blankenship, involved allegations of coworker sexual harassment. The Fenton court reiterated the notion that an employer’s liability in instances of coworker harassment is based on its response to the reported sexual harassment: an employer is liable if it does not respond in a “reasonable” manner. Fenton, 174 F.3d at 829-30. In Fenton, we summarized a plaintiffs burden in coworker harassment cases by stating that a “victim of coworker harassment must therefore prove negligence by the employer.” Id. at 829. The Fenton panel purportedly applied the Blankenship rule:
This standard is consistent with the negligence standard we have previously employed in coworker harassment cases. In [.Blankenship ], we stated that in coworker harassment cases the standard is based on a “reasonableness” standard: “when an employer responds to charges of coworker sexual harassment, the employer can be liable only if its response manifests indifference or unreasonableness in light of the facts the employer knew or should have known.”
Id. at 829 (citing Blankenship, 123 F.3d at 872-73).
Because the Blankenship court phrased “indifference or unreasonableness” in the conjunctive, we view it as a unitary standard. If an employer acts “unreasonably,” it fits the classic common law definition of negligence. See Restatement (Second) of Torts § 282 (observing that “negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm.” (emphasis added)). Similarly, if an employer’s response to reported coworker harassment is “indifference,” then the employer has not reacted reasonably and has *748 thus committed an act for which liability-may attach under Title VII. See Fuller v. City of Oakland, 47 F.3d 1522, 1529 (9th Cir.1995) (“Title VII does not permit employers to stand idly by once they learn that sexual harassment has occurred. To do so amounts to a ratification of the prior harassment.”).
The Supreme Court has not directly addressed the standard needed to establish liability in coworker sexual harassment cases. However, it has repeatedly addressed the standard for liability in cases involving sexual harassment by supervisors. Although these cases are distinguishable and require a different analysis, see Pierce, 40 F.3d at 802, two post-Blankenship cases have caused some confusion regarding the continued viability of the Blankenship standard. In Faragher v. City of Boca Raton, 524 U.S. 775,118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), the Supreme Court held that employers may be vicariously liable for the sexual harassment committed by supervisors. Faragher, 524 U.S. at 807, 118 S.Ct. 2275. In Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), released the same day as Faragher, the Court held that an employer may be liable for sexual harassment by supervisory employees when the employer’s own negligence contributed to the harassment. Ellerth, 524 U.S. at 758-59, 118 S.Ct. 2257.
Although these cases did not address coworker sexual harassment, a panel of this court, in dicta in an unpublished opinion,[4] suggested that Faragher and Ellerth may have overruled Blankenship insofar as they held that an employer is not liable for “mere negligence.” Collette v. Stein-Mart, Inc., 126 Fed.Appx. 678 (6th Cir. 2005) (unpublished). To resolve any confusion, we recently affirmed the continued viability of Blankenship in a published decision. In Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321 (6th Cir.2008), we addressed this issue directly:
For the sake of clarity, we note that although this court’s decision in Blankenship has been modified by the Supreme Court’s decisions in Faragher v. City of Boca Raton, 524 U.S. 775, 780, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 758-59, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), Blankenship remains good law for the proposition that a company may be held liable for coworker harassment if its “response manifests indifference or unreasonableness in light of the facts the employer knew or should have known.” Blankenship, 123 F.3d at 873.
Hawkins, 517 F.3d at 339.
Thus, Haivkins removed any doubt that the Blankenship standard survives, and the district court was correct in applying Blankenship to analyze plaintiffs allegations of coworker sexual harassment. Having determined that the district court applied the correct standard, we now address plaintiffs argument that the district court’s analysis reached the wrong result.
III.
Plaintiff contends that the district court erred by granting summary judgment in favor of defendant because she presented evidence that “is sufficient for a jury” to find her employer liable for the coworker sexual harassment. (Blue Br. 24.) We disagree. Like the lower court, we view the evidence in the light most favorable to plaintiff to determine whether a reasonable juror could conclude that Goodyear reacted with “indifference or unreason *749 ableness” towards plaintiffs complaint of coworker sexual harassment.
Plaintiff argues the following:
(A) Defendant knew Plaintiff had good reason to fear Parker; (B) Defendant therefore promised Plaintiff that she would be completely separated from Parker; (C) Defendant breaks this promise and fails to follow through on its remedial measures by delivering no discipline to Parker, no separation, and no meaningful monitoring; (D) to no avail, Plaintiff complains of continued stalking and harassment by Parker with a forktruck; and (E) Plaintiff finally succumbs to a nervous breakdown due to Parker’s continuing stalking and harassment.
(Blue Br. 24.) We address each in turn.
First, plaintiff claims that Goodyear knew that she had “good reason” to fear Parker. The record shows that the only actions that Mullins reported to management initially were the three incidents of alleged sabotage of plaintiff’s machine (incidents that she attributes to Parker), plus Parker’s comment about serving in Vietnam. (JA 303.) Most importantly, none of these incidents involved sexual harassment. Moreover, Goodyear reacted immediately, launched a two-week investigation, interviewed the parties involved, and instructed Parker not to bother Mullins and to avoid the bead area when it was not necessary for him to be there. (JA 182.) When reviewing an employer’s response to determine if it expresses “indifference or unreasonableness,” we have held that it is generally adequate if it is “reasonably calculated to end the harassment.” Jackson v. Quanex Corp., 191 F.3d 647, 663-64 (6th Cir.1999); Hawkins, 517 F.3d at 340. Plaintiff complained of Parker tampering with her machine and making a comment that frightened her. We agree with the district court that by instructing Parker not to bother Mullins, and to avoid spending unnecessary time in the bead area, Goodyear acted in a reasonable manner.
Second, plaintiff claims that Goodyear breached a promise that she would be completely separated from Parker. (Blue Br. 26.) The record shows that Parker returned to the bead area from time to time. Although Mullins stated that Parker’s “presence bothered me,” she admitted that he did not engage in any sexually harassing or inappropriate conduct. (JA 108.) Absent evidence of continued sexual harassment, we are unwilling to impose liability on Goodyear for failing to keep Parker and Mullins separated. See Martin v. Boeing-Oak Ridge Co., 244 F.Supp.2d 863, 875 (E.D.Tenn.2002) (“The issue is not whether plaintiff finds the response by defendant satisfactory but whether defendant’s response was appropriate.”). In the instant case, Goodyear’s response appears not only reasonable but effective in ending the sexual harassment.
Plaintiffs third argument fails for similar reasons. She argues that Goodyear breached a duty by not disciplining Parker. However, as we explained above, Goodyear responded reasonably to end the sexual harassment, thus meeting its obligations under Title VII. See Blankenship, 123 F.3d at 874 (“a harassment victim may not dictate an employer’s action against a co-worker.”); see also Anderson v. Memphis City Schools Bd. of Ed., 75 F.Supp.2d 786, 792 (W.D.Tenn.1999) (“a plaintiff will not prevail simply because the remedy offered by defendant was not what plaintiff wanted.” (citing Bell v. Chesapeake & Ohio Ry., 929 F.2d 220, 225 (6th Cir. 1991))).
Next, Mullins takes issue with the district court’s conclusion that she did not complain about continued harassment. Although Mullins argues that she complained after her initial meeting with Human Resources, the only incidents mentioned in *750 her brief inyolve Parker’s presence in the bead area, not his conduct. Goodyear had a duty to take reasonable measures to prevent continuing sexually harassing conduct, but Title VII did not require it to ensure that Mullins and Parker were separated at all times. See Blankenship, 128 F.3d at 871-74.
Furthermore, even if Parker intentionally entered the bead area, or drove his forklift near Mullins, there is no evidence that he did so because of plaintiffs sex. In this regard, “Title VII is not a generic anti-harassment statute.” Harbert-Yeargin, 266 F.3d at 520 (Guy, J. concurring). In order to be actionable under Title VII, the harassment must be “based on sex.” Hawkins, 517 F.3d at 332. If Parker entered the bead area to annoy Mullins, such action might have been rude and inappropriate, but it does not give rise to a Title VII claim unless Parker did so because of plaintiffs gender. We find nothing in the record to support such a conclusion.
Finally, plaintiff alleges that on her last day on the job, Parker drove his forklift -dangerously close to her and blocked her in the break room. (JA 268-71.) Mullins claims that these incidents caused her to suffer a nervous breakdown and promptly terminated her employment. (Blue Br. 36-38.)
“[EJmployer liability in cases of coworker harassment is not derivative, but instead depends on the employer’s ‘own acts or omissions.’ ” Hawkins, 517 F.3d at 340 (quoting Blankenship, 123 F.3d at 873). As stated above, an employer may be liable for the sexually harassing conduct of its non-supervisory employees if its response to a complaint “manifests indifference or unreasonableness in light of the facts the employer knew or should have known.” Blankenship, 123 F.3d at 873; Hawkins, 517 F.3d at 339. However, Goodyear did not have the opportunity to address plaintiffs final working-day concerns. Accordingly, we cannot conclude that Goodyear acted with “indifference or unreasonableness” in response to events to which it was not given an opportunity to respond.
IV.
For the reasons described above, we affirm the judgment of the district court.

. The THRA is a state law analogue to Title VII and the statutes are analyzed identically. Bailey v. USF Holland, Inc., 526 F.3d 880, 885 n. 1 (6th Cir.2008) (citing Campbell v. Florida Steel Corp., 919 S.W.2d 26, 31 (Tenn. 1996)).

. The claim in Blankenship was against a coworker who “had no supervisory power” over the plaintiff. Blankenship, 123 F.3d at 872. Similarly, in the present case, it is undisputed that Parker had no supervisory authority over Mullins. (JA 395 n. 2.)

. Goodyear also moved for summaiy judgment on the fourth element, asserting that plaintiff did not demonstrate that the actions were sufficiently severe or pervasive so as to alter the terms and conditions of her employment. (JA 391.) However, the district court refused to grant summary judgment on this ground, ruling that "Plaintiff has pointed to evidence in the record which would allow the trier of fact to find that 'the charged sexual harassment had the effect of unreasonably interfering with [plaintiff’s] work performance and creating an intimidating, hostile, or offensive environment....” (JA 392) (quoting Rabidue v. Osceola Refining Co., 805 F.2d 611, 619-20 (6th Cir.1986).) On appeal, Goodyear does not contest this ruling, and therefore the issue of the fourth element of plaintiff's cause of action is not before us.

. Unpublished opinions of this court are not precedential!/ binding under the doctrine of stare decisis. United States v. Lancaster, 501 F.3d 673, 677 (6th Cir.2007); United States v. Sanford, 476 F.3d 391, 396 (6th Cir.2007).